**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| HEATHER COOPER,<br>    **Plaintiff,**<br><br><br>v.<br><br>HUNGRY HOWIE'S DISTRIBUTING,<br>INC.,<br>    **Defendant.**<br>_____ | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through the undersigned counsel, hereby brings this action for unpaid wages and minimum wage violations against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"), and Florida's Minimum Wage Act. Plaintiff alleges that Defendant violated the FLSA and state law by failing to pay Plaintiff the minimum wage, failing to pay wages for all hours worked in a workweek. In support of his Complaint, Plaintiff states as follows:

Parties

1. Plaintiff lives in Winter Haven, Florida and was employed by Defendant as a Crew.

2.   Defendant is a restaurant Industry and conducting business in Hillsborough County, Florida.

## Jurisdiction

3.   Defendant is a restaurant Industry operating in Hillsborough County, Florida.

4.   Defendant employed Plaintiff as a Crew Member in Hillsborough County, Florida.

5.   All events giving rise to this action occurred in Hillsborough County, Florida.

6.   Plaintiff brings this action pursuant to the FLSA and Florida state wage laws.

7.   This Court has federal question jurisdiction over Plaintiff's FLSA claim.

## Facts

8.   Plaintiff was employed by Defendant as a Crew Member.

9.   Defendant employed Plaintiff as an hourly employee at a rate of $11.75 per hour.

10.   Plaintiff's primary duties consisted in making pizza boxes, salads, washing the dishes and answering the phone.

2

11.     In or about August 2023, Plaintiff made complaints to Defendant about unpaid hours and failure to provide tax documentation, and failure to meet Florida's minimum wage requirements.

12.     However, Defendant did not pay Plaintiff the minimum wage required by Florida law during her employment.

13.     Defendant also failed to pay Plaintiff minimum wages for *all* hours worked in a single workweek during her employment with Defendant.

14.     At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

15.     During her employment, Plaintiff worked around 25 hours per week on a regular basis.

16.     Plaintiff desired to be paid wages for all hours worked in a single workweek and to be compensated at the minimum wage required by FMWA and the FLSA.

17.     In addition to failing to pay Plaintiff minimum wages for all hours worked, Defendant also automatically deducted money from Plaintiff's earnings each day representing a "lunch fee". However, Plaintiff did not normally eat Defendant's food for lunch.

18.     The deductions from Plaintiff's pay as a "lunch fee" caused Plaintiff to earn less than the minimum wage.

19.    The lunch fee deduction was improper and violates FMWA and the FLSA.

20.    Defendant engaged in an illegal policy of suffering and permitting Plaintiff to work and did not pay Plaintiff the complete wages for *all* hours worked by Plaintiff.

21.    Plaintiff complained about several unlawful practices, including the unpaid hours and failure to meet Florida's minimum wage requirements, but Defendant failed to address these issues.

22.    Defendant retaliated against Plaintiff for raising concerns about unpaid wages and other violations by subjecting her to adverse employment actions, including increased scrutiny and ultimately wrongful termination on or about August, 2023.

23.    Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided. Essentially, Defendant engaged in involuntary servitude.

24.    As of this filing, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA and Florida state wage laws.

25. Plaintiff seeks full compensation, including unpaid minimum wages, back pay, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff overtime wages was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

26. Defendant is a for-profit corporation that operates and conducts business in, among others, Broward County, Florida, and is therefore, within the jurisdiction of the Court.

27. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

28. This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid minimum wages, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

29. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Broward County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

30. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Defendant's operation based on its scope and revenue, is alleged to meet the enterprise coverage requirements with an annual volume of at least $5000,000.00 and engagement in

commerce. Based upon information and belief, Defendant earned more than $500,000 during Plaintiff's employment.

31.    Defendant is a franchise of "Hungry Howie's", which is a based in Michigan. Defendant is in regular contact and communication with Hungry Howie's corporate office in Michigan.

32.    Plaintiff engaged in activities impacting commerce, handling goods and services and interacting with clients in a manner that qualifies under the FLSA. Specifically, Defendant regularly orders goods and materials from out-of-state that are delivered to Defendant in Florida. Plaintiff and other employees routinely handled goods and materials that were delivered to Defendant from out-of-state.

33.    At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment.

34.    Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of hours worked by Plaintiff during each week of her employment.

35.    Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

## COUNT I –UNPAID WAGES UNDER FLSA

36.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37, above.

37.    Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

38.    Defendant violated the FLSA by failing to compensate Plaintiff for all hours worked per week.

39.    Plaintiff worked approximately 25 hours per week but was not compensated for the total of hours worked.

40.    Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff wages for all hours worked by Plaintiff for Defendant.

41.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

## COUNT II–RETALIATION IN VIOLATION OF FLSA

42.    Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-43, above.

43.    Plaintiff engaged in protected activity by complaining to Defendant about unpaid wages.

44.    Plaintiff made her complain in good faith.

45.    In response to Plaintiff's complaints, Defendant retaliated against Plaintiff by terminating her employment.

46.    Defendant's retaliatory actions violated the FLSA's prohibition against retaliation for asserting rights under the statute.

47.    Plaintiff demands a trial by jury.

## COUNT III – FLORIDA MINIMUM WAGE ACT VIOLATION

48.    Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-48, above.

49.    Defendant employed Plaintiff as an hourly employee at a rate of $11.75 per hour.

50.    In or about August 2023, Plaintiff made complaints to Defendant about unpaid hours and failure to provide tax documentation, and failure to meet Florida's minimum wage requirements.

51.    However, Defendant did not pay Plaintiff the minimum wage required by Florida law during her employment.

52.    Defendant also failed to pay Plaintiff minimum wages for *all* hours worked in a single workweek during her employment with Defendant.

53.    In addition to failing to pay Plaintiff minimum wages for all hours worked, Defendant also automatically deducted money from Plaintiff's earnings each day representing a "lunch fee". However, Plaintiff did not normally eat Defendant's food for lunch.

54.    The deductions from Plaintiff's pay as a "lunch fee" caused Plaintiff to earn less than the minimum wage.

55.    The lunch fee deduction was improper and violates the FMWA.

56.    In response to Plaintiff's complaints, Defendant retaliated against Plaintiff by terminating her employment.

57.    Defendant's retaliatory actions violated the FMWA's prohibition against retaliation for asserting rights under the statute.

58.    Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant, including reimbursement for unpaid wages, back pay, front pay, compensatory damages, liquidated damages, costs, and attorney's fees under the FLSA, and other relief as deemed proper by this Court.

DATED February 5, 2025.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303

9

Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com